[Docket No. 47]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

IAN D. LEMONS,

          Plaintiff,

   v.

ATLANTIC CITY POLICE DEPT.,
DET. JOSEPH M. RAUCH, SGT.
JAMES HERBERTO,

          Defendants.

Civil No. 06-3440 (RMB)

**OPINION**

APPEARANCES:

Ian D. Lemons, PRO SE
Prison #512297
SBI #987377B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Anthony A. Swan
City of Atlantic City
1301 Bacharach Boulevard
City Hall, Suite 406
Atlantic City, NJ 08401
    Attorney for Defendants

**BUMB,** United States District Judge:

**INTRODUCTION**

    This matter comes before the Court upon a motion for summary

judgment filed by Defendants, Atlantic City Police Department and

two Atlantic City police officers - Detective Joseph M. Rauch and

Sergeant James Herberto.  Plaintiff, Ian D. Lemons, a prisoner at New Jersey State Prison, has not opposed the motion.  For the reasons discussed below, the motion is granted in part and denied in part.

**FACTS**

On August 17, 2004, an individual was robbed and assaulted at gun point.  After an investigation, the Atlantic City Police determined that Plaintiff had probably committed the crime. Accordingly, on August 26, 2004, Detective Joseph Rauch swore out a criminal complaint against Plaintiff, alleging robbery and aggravated assault.  On August 27, 2004, four arrest warrants were issued for Plaintiff's arrest.  The warrants were signed by Sergeant James Herberto and the Deputy Court Administrator, a judicial officer.  On November 23, 2004, Plaintiff was arrested while at the Atlantic City Medical Center under the assumed identity of Jamal Anderson.  He was subsequently tried by a jury and convicted of armed robbery and aggravated assault for the August 17, 2004 incident.  Plaintiff was sentenced to 20 years imprisonment for his crimes.

Plaintiff now claims that he was arrested without probable cause and without a proper arrest warrant in violation of his constitutional rights.  Specifically, Plaintiff claims that Defendant Detective Rauch signed a criminal complaint without

firsthand knowledge of the incident alleged and also failed to appear before a judicial officer to swear to the complaint. Plaintiff further alleges that Defendant Sergeant Herberto issued a defective and, thus, illegal arrest warrant which lead to Plaintiff's false arrest and false imprisonment from November 23, 2004 until June 29, 2005 (when Plaintiff was convicted). Finally, Plaintiff asserts that the Atlantic City Police Department, by virtue of its inadequate supervision and training of police officers, has allowed "an informal custom or policy which tolerates, promotes and encourages the use of unlawful acts against, and violation of civil rights of African American citizens and indigent persons..."  (Compl. at 4).

**STANDARD OF REVIEW**

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); Hersh v. Allen Products Co., 789 F.2d 230, 232 (3d Cir. 1986).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In making this determination, a court must make all reasonable inferences in favor of the non-movant."  Oscar Mayer Corp. v. Mincing Trading Corp., 744 F. Supp. 79, 81 (D. N.J. 1990) (citing Meyer

v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983)).

However, "[w]hen opposing summary judgment, the nonmovant may not

rest upon mere allegations, but rather must 'identify those facts

of record which would contradict the facts identified by the

movant.'"  Corliss v. Varner, 2007 WL 2709661 at *1 (3d Cir.

September 17, 2007) (quoting Port Auth. of N.Y. and N.J. v.

Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2003)).  "At

the summary judgment stage the judge's function is not...to weigh

the evidence and determine the truth of the matter but to

determine whether there is a genuine issue for trial."  Anderson,

477 U.S. at 249.


**DISCUSSION**

**1.  Atlantic City Police Department**

Defendants argue that the Atlantic City Police Department is

entitled to summary judgment because it cannot be sued as an

entity separate from the municipality, Atlantic City.  This Court

agrees that the Police Department is not a separate entity from

the City and, thus, it cannot be sued in conjunction with the

City.  N.J. Stat. Ann. § 40A:14-118; see also Padilla v. Twp. of

Cherry Hill, 110 Fed. Appx. 272, 278 (3d Cir. 2004) (police

departments cannot be sued in conjunction with municipalities

because police departments are administrative arms of local

municipalities, not separate entities).  However, Plaintiff has

4

only named the Police Department and not the City.  Because the
Police Department and the City are considered to be the same
entity, the Court will construe Plaintiff's claim as against the
City.  See Bosenberger v. Plymouth Twp., 132 F.3d 20, 25 (3d Cir.
1997) (under a § 1983 claim, municipalities and police
departments are treated as a single entity).

It is axiomatic that local government units, such as
Atlantic City, are not liable under § 1983 solely on a theory of
respondeat superior.  See City of Oklahoma City v. Tuttle, 471
U.S. 808, 824 n.8 (1985); Monell, 436 U.S. at 690-91, 694.
However, a § 1983 action may be brought against a local
government when the local government is shown to be the "moving
force" behind the constitutional violation.  Monell, 436 U.S. at
690 n.55; Kentucky v. Graham, 473 U.S. 159, 166 (1985)
("governmental entity is liable under § 1983 only when the entity
itself is a "moving force" behind the deprivation").  In Monell,
the Supreme Court created two means of establishing local
governmental liability under section 1983:  policy and custom.
As set forth by the Third Circuit,

> [a] government policy or custom can be established in two
> ways.  Policy is made when a "decision maker possessing
> final authority to establish municipal policy with
> respect to the action" issues an official proclamation,
> policy or edict.  A course of conduct is considered to be
> a "custom when, though not authorized by law, such
> practices of state officials [are] so permanent and well
> settled" as to virtually constitute law.

Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990)

(internal citations omitted).

Custom may be established by evidence of knowledge and acquiescence on the part of policymakers.  See Fletcher v. O'Donnell, 867 F.2d 791, 793 (3d Cir. 1989).  A plaintiff must show that the policymaking officials knew, or should have known, about the illegal practices and, therefore, tacitly authorized a custom of tolerating their officers' supposedly illegal activities.  See Beck v. City of Pittsburgh, 89 F.3d 966, 973 (3d Cir 1996) (discussing tacit authorization of excessive force). Significantly, unless the policy or custom at issue is, itself, unconstitutional, courts have generally held that "more proof than [a] single incident will be necessary ... to establish both the requisite fault on the part of the municipality and the causal connection between the 'policy' and the constitutional deprivation."  City of Oklahoma City, 471 U.S. at 824.

Custom may also be established by evidence of inadequate police training procedures, but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  City of Canton v. Harris, 489 U.S. 378, 388 (1989).  "To sustain an inadequate training theory, Plaintiff must (1) identify the deficiency; (2) prove that the deficiency caused the alleged constitutional violation; and (3) prove that the failure to remedy the deficiency reflected deliberate indifference on the part of the municipality." Malignaggi v. County of Gloucester, 855 F. Supp. 74, 77 (D.N.J.

1994) (citing <u>City of Canton</u>, 489 U.S. at 391; <u>Colburn v. Upper Darby Twp.</u>, 946 F.2d 1017 (3d Cir. 1991)).

Defendants argue that the record is devoid of any evidence that the City either has a pattern of issuing improper arrest warrants without probable cause or has failed to train its police officers regarding the proper standard for issuing arrest warrants.  This Court agrees.  Plaintiff has failed to offer any evidence to support his allegations against the City; indeed, Plaintiff has not even responded to Defendants' motion.  Accordingly, Defendants are entitled to summary judgement as to the claims against Atlantic City.

## 2.  Individual Officers

Plaintiff alleges that the individual officers (Detective Rauch and Sergeant Herberto) violated his constitutional rights under the Fourth Amendment by arresting him without a proper warrant.  Essentially, he claims that the arrest warrants issued were defective because Defendants:  1) lacked probable cause to file the criminal complaint; and 2) failed to appear before a judicial officer to swear to the complaint.

Defendants argue that Plaintiff's claims against the individual officers are barred by the <u>Heck</u> doctrine.  In <u>Heck</u>, the Supreme Court held that in cases involving a state prisoner seeking damages under § 1983, where "a judgement in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Contrary to Defendants' argument, the Heck doctrine does not apply in this case because a determination that Defendants lacked probable cause to arrest Plaintiff does not necessarily imply the invalidity of his conviction. See Montgomery v. DeSimone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) ("[b]ecause a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest, we find that [plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in Heck which necessarily implicate the validity of a conviction or sentence"). Accordingly, this Court rejects Defendants' argument that Plaintiff's claims are barred by the Heck doctrine.

Defendants also argue that Plaintiff's complaint "should be dismissed based on the standards governing summary judgment" because Plaintiff has failed to set forth any "'concrete evidence' from which a reasonable juror could find in Plaintiff's favor." (Def. Motion at 12-13). As stated above in the standard of review, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 2007 WL 2709661 at *1 (3d Cir.

September 17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2003)). Thus, Defendants are correct that Plaintiff must come forward with something more than mere allegations to survive summary judgment.

However, this assumes that Defendants have met their initial burden. The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005); Fed. R. Civ. Pro. 56(c). Indeed, the Supreme Court has explained that the Plaintiff must present evidence beyond his allegations "[w]hen the moving party has carried its burden under Rule 56(c)..." Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586; see also Fed. R. Civ. Pro. 56(e) ("[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading...").

Here, Defendants have failed to set forth any evidence that shows the arrest warrants were properly issued (i.e., that there was probable cause to file the criminal complaint and that such complaint was sworn to in front of a judicial officer). Accordingly, Defendants have not met their burden of demonstrating that there is no material issue of fact and, thus, they are not entitled to summary judgment as to the individual

Defendants.

However, the Court presumes that Defendants did not submit any evidence of probable cause because they believed Plaintiff's claims were barred by the <u>Heck</u> doctrine.  In light of the Court's ruling that <u>Heck</u> does not apply in this situation, the Court will allow Defendants to file a renewed motion for summary judgment along with supporting evidence.  As Plaintiff has not opposed the present motion, he will not be prejudiced by allowing Defendants the opportunity to file a renewed motion.

**CONCLUSION**

For the reasons discussed above, Defendants are entitled to summary judgment as to Atlantic City Police Department but not as to the individual officers.  However, the Court will allow Defendants two weeks to file a renewed motion for summary judgment as to the individual officers.  An appropriate Order will issue this date.

Dated:  August 6, 2008                    s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE